IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-371-BO

| | | |
|---|---|---|
| KENDA R. KIRBY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's *pro se* complaint in its entirety. Plaintiff has responded, the time for filing a reply has expired, and the motion is ripe for ruling. For the reasons that follow, the motion to dismiss is granted.

BACKGROUND

Plaintiff filed this action on July 24, 2017, alleging that she was subjected to overt bias and discriminatory actions by North Carolina State University (NCSU) College of Veterinary Medicine professors which lead them to breach plaintiff's contract and violate her due process rights. Plaintiff alleges her enrollment in the College of Veterinary Medicine Ph.D. program was terminated in 1994 after her grades were changed from passing to failing upon the school's discovery that plaintiff attended a weekend lesbian, gay, bisexual, and transgender event. Following her termination from the Ph.D. program, plaintiff alleges that, in 2013, defendant erroneously billed plaintiff for tuition for the spring semester of 1994 and refused to retract that tuition bill. Plaintiff alleges that in 2017 she discovered that the North Carolina State Education Assistance Authority had withheld student loan funds which had been overpaid by plaintiff.

Specifically, plaintiff alleges that on January 31, 2017, she received a document from the U.S. Department of Education showing overpayment of student loans to North Carolina. Cmp. ¶

53. Plaintiff alleges that her total approved graduate student loans for her time at NCSU were $7,500 for year one and $3,750 for year two (representing only half of the year). *Id.* ¶ 54. Plaintiff's student loan consolidation application reflected the NCSU loan balance was $12,364.71. *Id.* ¶ 55. The total interest which had accrued during default totaled $605.30 and an approximate consolidation fee of $2,448.11 was also applied. [DE 1-4 at 13]. The consolidation statement shows that the U.S. Department of Education paid NCSU $15,736.67 at consolidation, which plaintiff alleges represents an overpayment as she only owed approximately $12,627.75 on her loans. *Id.* As plaintiff has paid off her consolidated loans, she contends that that overpayment is due to her. *Id.* Plaintiff alleges that she contacted the N.C. State Education Assistance Authority (NCSEAA), which found that there had not been an overpayment. *Id.* ¶ 61-63; [DE 1-4 at 14]. Plaintiff alleges that she has requested a refund and defendant has refused to remedy the situation, that this is evidence of retaliation, and that it appears that at least one state official at the NCSEAA committed fraud.

In her complaint, plaintiff additionally outlines the history of her dealings with the College of Veterinary Medicine and defendant generally, which includes a grievance filed with NCSU in 1994 which culminated with an appeal through the University of North Carolina Board of Trustees. In 2013, plaintiff contended a new cause of action accrued which led to the filing of a complaint in this court, which was dismissed for failure to state a claim and which dismissal was affirmed on appeal. *See Kirby v. N. Carolina State Univ.*, No. 5:13-CV-850-FL, 2015 WL 1036946, at *1 (E.D.N.C. Mar. 10, 2015), *aff'd*, 615 F. App'x 136 (4th Cir. 2015), *cert. denied*, No. 15-8399, 137 S. Ct. 34 (2016). That complaint involved plaintiff's current allegations relating to her termination from the Ph.D. program at NCSU. Plaintiff further alleged that in the summer of 2013, when interviewing for a faculty position at another institution, NCSU refused to release plaintiff's

2

transcript as it contended that plaintiff owed $321 for a class she took in the spring of 1994. Plaintiff was denied the faculty position due to the delay in the transcript's delivery and credibility issues raised by the failing grades on plaintiff's transcripts. In the 2013 complaint, plaintiff alleged a claim under Title IX of the Educational Amendments of 1972. *Id.*

Plaintiff brings this action for discrimination and retaliation under Title IX of the Educational Amendments Act of 1972. 20 U.S.C. § 1681, *et seq.* The relief which plaintiff seeks is an injunction ordering defendant to correct her 1994 College of Veterinary Medicine transcripts, to award plaintiff a Ph.D. in Cell Biology and Morphology, to cancel any outstanding bills from NCSU, to refund any overpaid portions of plaintiff's student loans with fees and interest, and to issue a formal letter of apology. Plaintiff further seeks $13 million in compensatory damages as well as costs.

## DISCUSSION

Defendant has moved to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff's claims are barred by Eleventh Amendment immunity and the statute of limitations and that plaintiff has otherwise failed to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *Pro se* complaints are held to a less stringent standard than those drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss so long as they are integral to the complaint and authentic. Fed. R. Civ. P. 10(c); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A court ruling on a motion to dismiss under Rule 12(b)(6) may also properly take judicial notice of matters of public record. *Sec'y of State for Defence*, 484 F.3d at 705.

Plaintiff contends that an alleged overpayment by the U.S. Department of Education to NCSU which the state, through the NCSEAA, has failed to refund to plaintiff is evidence of a continuing pattern or practice of discrimination by the state against plaintiff. Title IX provides,

4

with certain exceptions, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Retaliation against a person for complaining of sex discrimination is a form of intentional sex discrimination that is encompassed under Title IX. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005); *see also Preston v. Virginia ex rel. New River Community College*, 31 F.3d 203, 206 (4th Cir. 1993). A plaintiff alleging retaliation under Title IX must demonstrate that she was retaliated against *because* she complained of sex discrimination. *Jackson*, 544 U.S. at 184.

The Court first addresses defendant's Eleventh Amendment immunity defense. "The Eleventh Amendment bars suit against non-consenting states by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This guarantee applies not only to suits against the State itself but also to suits where "one of [the state's] agencies or departments is named as the defendant." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Although plaintiff has named only the State of North Carolina as a defendant, liberally construing her claims the Court declines to find that the Eleventh Amendment bars any Title IX claims which plaintiff attempts to raise here against NCSU. *See Kirby v. N. Carolina State Univ.*, No. 5:13-CV-850-FL, 2015 WL 1036946, at *4 (E.D.N.C. Mar. 10, 2015); *see also Litman v. George Mason Univ.*, 186 F.3d 544, 555 (4th Cir. 1999) ("In enacting Tile IX, Congress permissibly conditioned the receipt of Title IX funds on a waiver of sovereign immunity."). As to plaintiff's claims against the state generally or its instrumentality the NCSEAA, however, plaintiff has failed to allege any basis for waiver of Eleventh Amendment or sovereign immunity and her claims are barred. *See Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 248-9 (4th

Cir. 2012); *see also Sossamon v. Texas*, 563 U.S. 277, 278 (2011) (waiver of sovereign immunity strictly construed in favor of sovereign).

Second, any substantive sex discrimination claims raised in this complaint arising out of plaintiff's termination from the College of Veterinary Medicine program in 1994 are plainly time-barred. *See Rouse v. Duke Univ.*, 535 F. App'x 289, 294 (4th Cir. 2013) (statute of limitations under Title IX is three years) (citing N.C. Gen. Stat. § 1-52(16)); *Wilmink v. Kanawha Cty. Bd. of Educ.*, 214 F. App'x 294, 296 n.3 (4th Cir. 2007) ("because Title IX does not contain an express statute of limitations, 'every circuit to consider the issue has held that Title IX also borrows the relevant state's statute of limitations for personal injury.'") (citation omitted). Plaintiff relies on her January 2017 discovery of the alleged overpayment by the U.S. Department of Education as the date on which her claim accrued. *See, e.g., Jennings v. Univ. of N. Carolina at Chapel Hill*, 240 F. Supp. 2d 492, 499 (M.D.N.C. 2002) (where claim is comprised of a series of acts, so long as one of the acts occurred within the limitations period the entire time period may be considered). However, plaintiff has failed to sufficiently allege how any student loan overpayment and refusal to reimburse plaintiff is part of a pattern or practice of retaliation or discrimination under Title IX. Plaintiff has not plausibly alleged that any statements or actions by the NCSEAA are in any way connected to any mistreatment in 1994 by NCSU, nor has she plausibly alleged that NCSEAA's actions were taken in retaliation for plaintiff's earlier complaints. In other words, plaintiff has failed to plausibly allege that NCSEAA's actions were intentionally discriminatory or were taken *because* plaintiff had previously complained of sex discrimination. *See, e.g.*, [DE 10 at 12] Pl's Mem. Opp. (noting that NCSEAA's actions may or may not have been the result of intentional bias). She therefore cannot rely on her January 2017 discovery to breathe life into the three-year limitations period which is otherwise applicable under Title IX.

Further, although not raised as a defense, the Rule 12(b)(6) dismissal of plaintiff's prior complaint in this Court is preclusive of plaintiff's claims arising out of her 1994 Ph.D. program termination that plaintiff again raises here, despite that she attempts to rely on new evidence of continued discrimination. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 399 n. 3 (1981) (dismissal for failure to state a claim is final adjudication on the merits for purposes of *res judicata*); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 209 (4th Cir. 2013) (court may consider *res judicata* defense *sua sponte*). Finally, plaintiff's bare allegations concerning breach of contract and deprivation of due process arising out of her termination from the Ph.D. program, as well as her bare allegation of fraud against an employee of the NCSEAA, fail to state a plausible claim for relief.

## CONCLUSION

In sum, plaintiff's claims against the State of North Carolina itself are barred by Eleventh Amendment immunity and plaintiff's claims under Title IX are either time-barred or she has failed to state a claim. This court's prior judgment is further preclusive of plaintiff's allegations arising out of her 1994 termination from the College of Veterinary Medicine, and plaintiff has failed to provide any factual allegations which would support a claim for breach of contract, deprivation of due process, or fraud, and she has therefore failed to state a claim upon which relief can be granted. It is for these reasons that defendant's motion to dismiss [DE 7] is GRANTED and plaintiff's complaint is in its entirety DISMISSED.

SO ORDERED, this __9__ day of February, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7